IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Smart Courier Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>John Newsome Inc., trading as or doing business as Newsome Parts Company, and John Does (Said Names being Fictitious and Unknown Individuals and/or Entities Doing Business as Newsome Parts Company),<br><br>Defendants. | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>**(NON-JURY)** |

Plaintiff Smart Courier Inc., ("Plaintiff" or "Smart Courier"), complaining of the above-named Defendants, alleges and says as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.) Plaintiff Smart Courier is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 1404 Dogwood Way, Unit B, Mebane, North Carolina 27302.

2.) Defendant John Newsome Inc. ("John Newsome") is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Hartsville, State of South Carolina, Darlington County.

3.) Upon information and belief, Defendant John Newsome can be served via its Registered Agent, John H. Newsome Jr, at South Fifth Street, Hartsville, South Carolina 29550 or, alternatively, at 1111 South 5th Street, Hartsville, Darlington County, South Carolina 29550.

4.) Upon information and belief, Defendant John Newsome trades as or otherwise does business as Newsome Parts Company.

5.) In the alternative, upon information and belief, Defendant John Does (Said Names being Fictitious and Unknown Individuals and/or Entities Doing Business As Newsome Parts Company) ("John Does") are operating and doing business as Newsome Parts Company in or around Hartsville, Darlington County, South Carolina.

6.) This Complaint seeks recovery of unpaid charges for goods and services provided by Smart Courier to Defendants on open account.

7.) The total amount currently owing by Defendants to Plaintiff is approximately $272,648.75, exclusive of prejudgment interest, costs, and attorney's fees.

8.) The goods and services furnished, rendered, and/or provided occurred in whole or in part in the State of South Carolina. Nonpayment of amounts owed occurred in South Carolina. Upon information and belief, Defendants do business in the State of South Carolina.

9.) Hartsville is located in Darlington County, South Carolina. The Florence Division of the United States District Court for the District of South Carolina has jurisdiction over Hartsville and Darlington County.

10.) There is complete diversity of citizenship among the parties as Plaintiff is a citizen and resident of a state other than those of the Defendants, for purposes of this Court's exercise of jurisdiction pursuant to 28 U.S.C. §1332.

11.) This Court has jurisdiction over the parties hereto and the subject matter hereof.

12.) Venue is proper in this Court.

## FACTUAL BACKGROUND

13.) Plaintiff Smart Courier transported, delivered, and/or arranged for transportation and delivery of various goods for Defendants on open account, pursuant to an express or implied-in-fact agreement that Defendants would pay Smart Courier for goods and services provided.

14.) Alternatively, Plaintiff and Defendants were parties to a contract-implied-in-fact for the transportation or arrangement of transportation of freight in interstate commerce.

15.) Alternatively, under theories of contract-implied-in-law, quantum meruit, or unjust enrichment, Plaintiff and Defendants were in a contractual or business relationship for the transportation of freight or arrangement of transportation of freight in interstate commerce.

16.) Pursuant to the contract entered into by the parties, and over a period of time, Defendants tendered certain freight to Smart Courier for transport in interstate commerce or arranged for shipment of said freight with Smart Courier, and such freight was duly transported and delivered by Smart Courier as requested by Defendants.

17.) Despite Smart Courier's performance of its obligations under the contract, Defendants have failed to pay legitimate freight charges incurred.

## FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

18.) Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

19.) As set forth above, Plaintiff has complied with its obligations under the Contract or the Contract-implied-in-fact by delivering products to Defendants or on behalf of the Defendants.

20.) Defendants have failed to pay charges for the goods and services provided by Plaintiff.

21.) As a result, Defendants are in breach of the Contract with Plaintiff.

22.) As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and is entitled to recover actual damages from Defendants in the amount of $272,648.75.

23.) Plaintiff is further entitled to recover pre- and post-judgment interest from Defendants.

**FOR A SECOND CAUSE OF ACTION**
**(Open Account)**

24.) Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

25.) Defendants owe Plaintiff $272,648.75 on open accounts. A copy of the statement of account is attached hereto as **EXHIBIT A.**

26.) Plaintiff has demanded payment of the amount owed by Defendants, but Defendants have not paid this amount, or any part of it, and the whole amount is due and payable from Defendants to Plaintiff.

27.) By reason of the foregoing, Plaintiff has been directly and proximately damaged by Defendants' failure to pay the amounts owing on Plaintiff's open accounts and is entitled to recover the same.

**FOR A THIRD CAUSE OF ACTION**
**(Unjust Enrichment)**

28.) Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

29.) Plaintiff provided goods and services for the benefit of Defendants, and these goods and services were accepted, used and enjoyed, and/or the benefits of these services were otherwise realized by Defendants.

30.) The retention of the benefits of such services by Defendants would, under the circumstances, make it inequitable for Defendants to retain the same without paying the value thereof.

31.) The fair and reasonable value of the services provided to and unjustly retained by Defendants is $272,648.75. Despite demands, Defendants have refused and continue to unreasonably refuse to pay Plaintiff the money owed for the services provided.

32.) Under the doctrine of *unjust enrichment*, Plaintiff is entitled to recover against Defendants the sum of $272,648.75, together with interest, costs and disbursements.

**FOR A FOURTH CAUSE OF ACTION**
**(Quantum Meruit/Quasi Contract)**

33.) Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

34.) With the knowledge, authorization and/or consent of Defendants, Plaintiff agreed to provide goods and services to Defendants.

35.) Said goods and services furnished by Plaintiff were accepted, used and enjoyed by Defendants, or the benefits of said services were otherwise realized by Defendants.

36.) By furnishing said goods and services, Plaintiff conferred a benefit upon Defendants for which Plaintiff is entitled to be compensated.

37.) Defendants have enjoyed the use and benefits of the goods and services furnished by Plaintiff under the circumstances described hereinabove.

38.) At the time Plaintiff furnished the goods and services for the benefit of Defendants, Plaintiff reasonably expected to be paid therefor, and Defendants voluntarily and knowingly accepted the benefit of the goods and services furnished by Plaintiff with full knowledge and reason to know that Plaintiff expected to be paid therefor.

39.) If Plaintiff is not compensated for the reasonable value of the goods and services as alleged herein, then Defendants will be unjustly enriched.

40.) As a result of the foregoing, Defendants are liable to Plaintiff in *quantum meruit* for the reasonable value of the goods and services for which Plaintiff has not been paid, in the amount of $272,648.75, together with interest, costs and disbursements.

**FOR A FIFTH CAUSE OF ACTION**
**(Promissory Estoppel and/or Equitable Estoppel)**

41.) Plaintiff adopts the allegations of all proceeding paragraphs as if fully set forth herein verbatim and at length.

42.) Defendants promised to pay for all goods and services provided to Defendants by Plaintiff.

43.) Plaintiff relied to its detriment on Defendants' promise and/or agreement to pay for all goods and/or services furnished, rendered, and/or provided by Plaintiff to Defendants.

44.) The fair and reasonable value of the goods and/or services provided to and unjustly retained by Defendants is $272,648.75.

45.) Despite demands, Defendants have refused and continue to unreasonably refuse to pay Plaintiff the money owed for the goods and services furnished, rendered, and/or provided.

46.) On numerous prior occasions, Defendant John Newsome, Inc. paid for the goods and services furnished, rendered, and/or provided by the Plaintiff.

47.) The Defendants should be barred and estopped from denying that they owe the Plaintiff the sum of $272,648.75.

48.) As a result of the Defendants' actions, inactions, conduct, and/or behavior, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff prays for judgment against Defendants individually, jointly, severally, jointly and severally, for damages in the amount of $272,648.75, attorneys' fees, costs and disbursements, prejudgment and post-judgment interest, and for such other and further relief as the Court may find just and proper.

Respectfully submitted this 18th day of November, 2026.

s/ John Dempsey
Robert D. Moseley, Jr. (#5526)
John Dempsey (#13294)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
John.Dempsey@momarlaw.com
*Attorneys for Plaintiff*